## Richmond

Robert Lee Williams v. Commonwealth of Virginia.

March 8, 1971.

Record No. 7291.

Present, All the Justices.

*A. J. Canada, Jr.* (*Ansell, Butler and Canada*, on brief), for plaintiff in error.

*James E. Kulp, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Carrico, J., delivered the opinion of the court.

Robert Lee Williams, the defendant, was convicted by a jury of first degree murder and sentenced to twenty years in the penitentiary. The sole question raised by this appeal is whether the trial court erred in admitting into evidence the defendant's verbal admission made to a third party in the presence of police officers and without benefit of the warnings prescribed by *Miranda* v. *Arizona*, 384 U.S. 436 (1966).

The facts developed at trial show that on December 12, 1967, one Jack Silmon was shot and killed while on the parking lot of King's Department Store in the City of Virginia Beach. Detectives L. O. Sutton and James Wright of the Virginia Beach Police Department were called to investigate the incident.

During the course of the investigation, the officers were led to a

house at the edge of the shopping center in the direction from which the shot apparently was fired. The house was owned by a Mrs. Rebecca Hyter, who lived there with the defendant, her 17-year-old stepson. The officers explained to Mrs. Hyter and the defendant the reason for their presence and requested permission to search the house for any instruments of the crime. Mrs. Hyter freely assented to the request, and the defendant signed a standard police form consenting to the warrantless search.

In a downstairs shower stall, the officers found a loaded .22 caliber rifle. Detective Sutton's inspection of the weapon indicated that it had recently been fired. At this point, the officers' investigation had clearly focused upon the defendant, and they took him to an upstairs room for questioning. What statements the defendant made during this period of interrogation are not shown by the record. The officers failed to advise the defendant of his rights as required by *Miranda*, and the prosecution conceded that any such statements were inadmissible at trial. The court did, however, admit into evidence an incriminating statement later made by the defendant, and it is this statement that forms the basis of the present dispute.[1] The statement was made under these circumstances:

As the officers were leading the defendant downstairs after questioning him, Mrs. Hyter approached her obviously distraught stepson and asked, "Robert, did you shoot that man?" The defendant responded, "Yes, momma, I shot the man."

The defendant contends that the statement he made to his stepmother was inadmissible. Relying upon *Miranda*, he argues that, if in the absence of proper warnings or a valid waiver, a suspect is subjected to "lengthy interrogation" and eventually makes a statement, the conclusion is warranted that "the compelling influence of the interrogation finally forced him to do so." 384 U.S. at 476. From this, the defendant concludes that his statement was the product of the compelling influence of the illegal police interrogation to which he had just been subjected.

The defendant also relies upon our decision in *Dean* v. *Commonwealth*, 209 Va. 666, 166 S.E.2d 228 (1969), where custodial police interrogation was conducted in the absence of *Miranda* warnings. The suspect denied his involvement in the crime. Sometime after the questioning had ended, the suspect sent word that he wished to

---

[1] The Commonwealth concedes that the defendant was in custody at the time the incriminating statement was made, so the custodial aspect of *Miranda* is not an issue here.

speak to the police officers. He then confessed to them. We held that the confession "was subject to compelling influences and should not have been admitted in evidence." 209 Va. at 668, 166 S.E.2d at 230.

But *Miranda* and *Dean* do not stand for the proposition that once the police have interrogated an unwarned suspect, all statements thereafter made by him are inadmissible. Both decisions are limited to statements resulting from the compelling influences of police interrogation, and by police interrogation is meant "questioning initiated by law enforcement officers." 384 U.S. at 444.

*Miranda* specifically recognizes the admissibility of a statement if it is made "in the unfettered exercise of [the suspect's] own will." 384 U.S. at 460. And *Dean* recognizes the admissibility of a "statement given freely and voluntarily without any compelling influences." 209 Va. at 668, 166 S.E.2d at 230.

Here, there is nothing in the record to even suggest that the statement of the defendant was the result of the compelling influences of the previous police interrogation. To the contrary, it plainly appears that the statement was the result solely of the question put to the defendant by his stepmother—a question not initiated or prompted in any way by the police officers. So if there was compulsion exerted upon the defendant to make the statement, it was the intervening influence of the stepmother's question which supplied that compulsion. Therefore, *Miranda* and *Dean* are not applicable to this case.

The decision that is controlling is *Wansley* v. *Commonwealth*, 210 Va. 462, 171 S.E.2d 678, *cert. den.*, 399 U.S. 931 (1970). There, the accused, a juvenile like the defendant here, was arrested and incarcerated. A juvenile probation officer called the mother of the accused, and when she came to the police station, he informed her of the charges against the accused. She went to the lock-up and, in the presence of the probation officer, asked the accused, "Buddy, did you do it?" The accused replied, "Yes."

We held that the statement of the accused was admissible. We said that the "admission resulted from an unprompted question asked by [the] mother, not from questioning by [the probation officer] or the police or any other person." We further said, and we repeat here, that no "Supreme Court case of which we are aware . . . holds that the Constitution precludes evidence of an admission made by a juvenile or adult under those circumstances." 210 Va. at 471, 171 S.E.2d at 684.

The judgment of conviction will be affirmed.

*Affirmed.*